IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL WALTERS                                                               PETITIONER

v.                                                                                       No. 2:07CV17-P-A

LAWRENCE KELLY, ET AL.                                                    RESPONDENTS


**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Michael Walters for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

**Facts and Procedural Posture**

The petitioner was convicted of one count of armed carjacking and one count of aggravated assault in the Second Judicial District of the Circuit Court of Coahoma County, Mississippi. State Court Record (S.C.R.), Vol. 1, pp. 12-15. He was sentenced to serve concurrent terms of twenty years in the custody of the Mississippi Department of Corrections for each count. *Id*. 2. He is currently housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. The petitioner appealed his convictions and sentences to the Mississippi Supreme Court, assigning as error the following (as stated by the petitioner):

> A. The judgment and the sentencing is against the overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of armed car jacking.

B. The judgment and the sentencing is against the overwhelming weight of the evidence and insufficient as a matter of law to sustain the conviction of aggravated assault.

On February 14, 2006, the Mississippi Court of Appeals affirmed the petitioner's convictions and sentences. *Walters v. State*, 932 So.2d 860 (Miss. App. 2006), *reh'g. denied*, June 27, 2006 (Cause No. 2004-KA-01788-COA).

On October 12, 2006, petitioner filed an "Application For Leave To Proceed In The Trial Court" in the Mississippi Supreme Court, in which petitioner raised the following issues (as stated by the petitioner):

A. Petitioner was deprived of his right to effective assistance of trial and appellate counsel.

B. Petitioner was subjected to a suggestive identification procedure.

C. Petitioner was illegally arrested without probable cause.

D. The testimony of the prosecution witnesses was inconsistent and beyond belief.

E. Petitioner is entitled to a new trial in the interest of justice.

On November 15, 2006, the Mississippi Supreme Court denied petitioner's application, holding:

After due consideration, the panel finds that Walters' claims that he received constitutionally ineffective assistance of counsel, at trial and on appeal, fail to meet both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The panel further finds that Walters' claims regarding the identification procedures, regarding his arrest, regarding the testimony of witnesses for the prosecution, and regarding his demand for a new trial are procedurally barred and are without merit. Miss. Code Ann. § 99-39-21(1) & (3). The panel finds that Walters has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).

In the instant petition for writ of *habeas corpus*, Walters raises the following grounds (as stated by the petitioner):

**Ground One**: Petitioner deprived of effective assistance of trial and appellate counsel.

**Ground Two:** Petitioner was subjected to a suggestive identification procedure.

**Ground Three:** Petitioner was illegally arrested without probable cause.

**Ground Four:** The testimony of the prosecution witnesses was inconsistent and beyond belief.

## Grounds Two, Three, and Four:  Procedurally Barred

The claims set forth in Grounds Two, Three and Four of the instant petition were raised in Walters' motion for post-conviction relief and held to be procedurally barred by the Mississippi Supreme Court.  Hence, they are not subject to federal *habeas corpus* review. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991).  The Mississippi Supreme Court found the claims the petitioner now raises in Grounds Two, Three and Four to be procedurally barred pursuant to MISS. CODE ANN. § 99-39-21(1) – for failure to raise the claims on direct appeal.  Section 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).  The adequacy of the state procedural bar depends on "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)).  The petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his

appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. The petitioner has not, however, proved – or even asserted – "inconsistent and irregular" application of the bar stated in section 99-39-21(1) and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id*. at 861.

A federal *habeas* court may, however, rule upon a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice arising from it. *Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). To show *cause* for excusing a default, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples found to constitute such *cause* include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991).

In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court held:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

The petitioner alleges ineffective assistance of appellate counsel for failure to raise colorable claims on direct appeal. As discussed below, this claim does not rise to the level of

constitutionally ineffective assistance of counsel. As the petitioner has not proven cause for his default, the court need not consider whether the petitioner suffered actual prejudice. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992). Finally, the petitioner will not suffer a fundamental miscarriage of justice if his claims are not heard on the merits because the petitioner has not provided proof that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995)).

## Ground One: Denied on the Merits in State Court

The Mississippi Supreme Court has already considered Ground One on the merits and decided that issue against the petitioner; hence, the claims in Ground One are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground One of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Ground One may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move the claims in Ground One beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

In Ground One, Walters alleges that he was denied the effective assistance of both trial and appellate counsel. To prevail on his request for *habeas corpus* relief on a claim of ineffective assistance of counsel, the petitioner must prove: (1) constitutionally deficient performance by counsel, and (2) actual prejudice as a result of the deficient performance. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish either prong of the *Strickland* test merits rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. Courts must review such claims based on the circumstances existing at the time in question – not with the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988), *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). A federal court must consider all circumstances to determine whether counsel's performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. To prove prejudice, the petitioner must prove that the result of the proceedings would have been different – or that counsel's performance rendered the result of the entire proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995). There is no constitutional entitlement to error-free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound

trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

**Failure to Conduct Pretrial Discovery**

The petitioner first argues that defense counsel was ineffective because he failed to conduct "any meaningful pretrial discovery, and thus was totally unaware that certain damaging evidence might have been the appropriate subject for a suppression motion." This claim of ineffective assistance of counsel is nothing more than a conclusory allegation – and is thus insufficient to sustain the claim for relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel cannot form basis for federal *habeas corpus* claim); *see also United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989). The petitioner fails to disclose what evidence he believes defense counsel failed to discover or what evidence petitioner would have sought to suppress. As such, the petitioner has shown neither deficiency nor prejudice, and this claim for relief shall be dismissed.

**Failure to Challenge the Identification Procedure**

The petitioner argues that defense counsel was deficient because he did not investigate the procedure used to identify the petitioner as the perpetrator. The petitioner argues that counsel's investigation of the identification procedure and arrest was inadequate and resulted in: (1) counsel's failure to request suppression of all identification testimony, including the victim's in-court identification, and (2) counsel's failure to move for dismissal of all charges.

The duty of defense counsel to investigate is set forth in *Strickland*:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a

-8-

reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91. "This duty to investigate and prepare is, however, far from limitless, and not every breach thereof will mean that counsel has failed to render reasonably effective assistance. '(C)ounsel for a criminal defendant is not required to pursue every path until it bears fruit or until all conceivable hope withers.'" *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981)(citation omitted).

A review of the record in this case reveals that there was no procedure of identification to be investigated. According to the victim, Dante Owens, he observed a blue-gray Chevrolet following him just prior to the shooting. He was able to observe his assailant's general physical appearance during the robbery, and conducted his own investigation the next day by locating the blue-gray Chevrolet in Lambert, Mississippi. S.C.R., Vol. 2, pp. 74-81. Corporal Linley spoke with Owens at the hospital where Owens told him that the shooter was a black male wearing a mask and, significantly, that a blue-gray Chevrolet had followed him prior to the incident. *Id*. at 95-96. Linley ascertained on his own that a blue-gray Chevrolet had been stopped in Clarksdale on the night in question – and that the car belonged to the petitioner Michael Walters. *Id*. at 97.

In addition, Owens gave the petitioner's name to the police. *Id*. at 109. Clearly, there was no procedure – such as a lineup – used to identify the petitioner. Michael Walters promptly became a suspect because the police investigation led directly to him.

As to the in-court identification of the petitioner by Owens, defense counsel tried to nullify Owens' in-court identification of the petitioner. Indeed, defense counsel got Owens to

admit that he could not say for sure that Walters was the shooter, only that the petitioner fit the description of the man Owens saw on the night he was carjacked. *Id*. at 85-86. Defense counsel could not, however, overcome the following evidence: (1) the petitioner was in Clarksdale at the time of the shooting, (2) he was driving a blue-gray Chevrolet, (3) he had possession of the victim's stolen vehicle shortly after the carjacking.

**Lack of Probable Cause for the Petitioner's Arrest**

Given the evidence set forth above, the state had more than sufficient probable cause for the petitioner's arrest. All the evidence gathered from the investigation led straight to Michael Walters. As such, defense counsel had no basis on which to seek suppression of the identification evidence – or to move for dismissal of all charges for want of probable cause to arrest the petitioner. *Gibson*, 55 F.3d at 179; *Koch*, 907 F.2d at 527; *Clark* 19 F.3d at 966. Therefore, the petitioner's claim on these bases that defense counsel was ineffective must be dismissed.

**Failure to Subpoena Alibi Witnesses**

The petitioner next argues that defense counsel was deficient in failing to interview and subpoena witnesses to support petitioner's alibi defense. The petitioner fails, however, to identify the witnesses counsel should have interviewed and subpoenaed – and fails to disclose what testimony these unnamed witnesses might have provided. As such, this claim of ineffective assistance of counsel merely a conclusory allegation – insufficient to warrant *habeas corpus* relief. *Collier*, 300 F.3d at 587 (citations omitted), *Woods*, 870 F.2d at 288; *Green*, 160 F.3d at 1043 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are

-10-

insufficient to raise a constitutional issue."). Therefore, this claim shall be dismissed with prejudice.

### Failure of Appellate Counsel to Raise Issues
### in This Petition on Direct Appeal

Finally, the petitioner argues that appellate counsel was ineffective because he failed to raise the issues contained in the instant petition on direct appeal. A challenge to the effectiveness of appellate counsel is evaluated under the *Strickland* two-prong test. *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). Appellate counsel need not raise every colorable claim on appeal – and has broad discretion in determining which issues are more likely to be successful. *Jones v. Barnes*, 463 U.S. 745, 754-55 (1985).

In this case appellate counsel challenged the weight and sufficiency of the evidence supporting the petitioner's convictions. Counsel presented argument for viable issues in accordance with *Jones*, *supra*. Although these arguments were ultimately unsuccessful, the petitioner has not set forth any other arguments which might have prevailed. As discussed above, the claims in the instant petition for a writ of *habeas corpus* are without merit. Clearly, counsel has no duty to raise meritless arguments on appeal. *United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999). As such, the petitioner's claim that appellate counsel was ineffective must be dismissed with prejudice.

For the reasons set forth above, the petitioner has not demonstrated that counsel was ineffective at trial or on appeal. As such, Mississippi Supreme Court's finding that appellate counsel was effective was neither contrary to nor an unreasonable application of clearly

established federal law. Therefore, federal *habeas corpus* review of the claims in Ground One shall be denied.

In sum, all of the petitioner's grounds for relief shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE